**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | |
| THERMOPRO, INC. | CASE NO. 25-53612-BEM |
| Debtor. | CHAPTER 11 (SUBCHAPTER V) |

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that ThermoPro, Inc. ("Debtor") has filed a Motion to Extend Plan Filing Deadline (the "Motion") and related papers with the Court seeking an extending Debtor's time to file a Chapter 11, Subchapter V, Plan of Reorganization.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the Motion at 11:00 a.m. on September 9, 2025, in the United States Courthouse, Courtroom, 1402, 75 Ted Turner Drive SW, Atlanta, GA 30303 which may be attended in person or via the Court's Virtual Hearing Room. You may join the Virtual Hearing Room through the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the homepage of the Court's website, www.ganb.uscourts.gov, or the link on the judge's webpage, which can also be found on the Court's website. Please also review the "Hearing Information" tab on the judge's webpage for further information about the hearing. You should be prepared to appear at the hearing via video, but you may leave your camera in the off position until the Court instructs otherwise. Unrepresented persons who do not have video capability may use the telephone dial-in information on the judge's webpage.

Your rights may be affected by the Court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney. If you do not want the Court to grant the relief sought in these pleadings or if you want the Court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. You must also mail a copy of your response to the undersigned at the address stated below.

Dated this 13th day of August, 2025.

*/s/ Michael B. Pugh*
**MICHAEL B. PUGH**
Georgia State Bar No. 150170
**CHARLES TAYLOR KOGAN**
Georgia State Bar No. 184723

For the firm of
THOMPSON, O'BRIEN, KAPPLER & NASUTI, P.C.
2 Sun Court, Suite 400
Peachtree Corners, Georgia 30092
Telephone: (770) 925-0111
E-mail: mpugh@tokn.com; tkogan@tokn.com
*Attorneys for ThermoPro, Inc.*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | |
| **THERMOPRO, INC.** | **CASE NO. 25-53612-BEM** |
| Debtor. | **CHAPTER 11 (SUBCHAPTER V)** |

## DEBTOR'S SECOND MOTION TO EXTEND PLAN FILING DEADLINE

COMES NOW ThermoPro, Inc. ("Debtor"), Debtor in the above-styled Chapter 11, Subchapter V, Bankruptcy Case, and files this Second Motion to Extend Plan Filing Deadline, seeking to extend the deadline for filing a Chapter 11, Subchapter V, Plan of Reorganization (a "Plan") in this case through and including October 29, 2025, and respectfully shows as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. §157(b). Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

2. On April 1, 2025, ("Petition Date"), Debtor filed a petition for relief under Subchapter V of Chapter 11 of Title 11, United States Code, 11 U.S.C. §§ 101 et seq. (as amended, modified or supplemented, the "Bankruptcy Code"). Gary Murphey has been appointed as Subchapter V Trustee (the "Sub V Trustee") pursuant to 11 U.S.C. § 1183 and Debtor will otherwise continue to operate its financial affairs as a debtor-in-possession in accordance with 11 U.S.C. § 1184.

3. Pursuant to this Court's Order granting the Debtor's first motion to extend the plan filing deadline (Docket No. 63), the current deadline for the Debtor to file a plan under 11 U.S.C. § 1189(b) is August 29, 2025.

## RELIEF REQUESTED

4. By this Motion, the Debtor requests that the Court enter an order extending the time within which Debtor may file a plan through and including October 29, 2025.

## BASIS FOR RELIEF

5. Section 1189(b) of the Bankruptcy Code provides that, in a Subchapter V Case, the "debtor shall file a plan not later than 90 days after the order for relief in this chapter, except that the court may extend the period if the need for the extension is attributable to circumstances for which the debtor should not justly be held accountable."

6. Courts interpreting Section 1189(b) look to cases addressing similar language in Section 1221, since "several aspects of Subchapter V are premised on the provisions of chapter 12 of the Code for family farmers and fishermen." *See In re Trepetin*, 2020 Bank. LEXIS 1770 at *13 (Bankr. Md. July 7, 2020). "Courts and commentators generally have interpreted the language in section 1221 to require that the debtor clearly demonstrates that the debtor's inability to file a plan is due to circumstances beyond the debtor's control." *Id.* (internal quotations and brackets omitted). Thus, the Court should evaluate whether the Debtor is fairly responsible for its inability to file a plan by the current deadline, has been dilatory in the plan process, or has otherwise complied with its responsibilities under the Bankruptcy Code. *Id.* at *14-15.

7. Relevant factors when analyzing the necessity for an extension to file a plan include the risk of prejudice to creditors from either granting or denying the extension, the length of the requested extension, the debtor's good faith, the extent of the debtor's progress in formulating a

viable plan, and the positions of the creditors and the Subchapter V trustee. *See In re Trinity Legacy Consortium, LLC*, 656 B.R. 429, 441 (Bankr. D.N.M. 2023).

8. Here, the need for a second extension is directly attributable to circumstances for which the Debtor should not justly be held accountable. Contemporaneously with this Motion, the Debtor has filed a Motion to Reject Certain Executory Contracts and Unexpired Leases and to Establish a Bar Date for Administrative Expense Claims arising from such rejections. The requested bar date has not yet passed, and until it does, the Debtor will be unable to determine the total amount or proper treatment of such administrative expense claims in a proposed plan.

9. Administrative expense claims are entitled to priority under the Bankruptcy Code, and must be paid in full under any confirmable Subchapter V plan absent creditor consent. *See* 11 U.S.C. §§ 1129(a)(9). Without knowing the amount of those claims, the Debtor cannot accurately project plan feasibility or determine the treatment of creditors in a way that complies with the Bankruptcy Code's requirements.

10. Proceeding to file a plan before the administrative expense claims bar date would risk proposing a plan that omits or misstates the amounts owed to priority claimants, potentially necessitating amendments, causing additional expense, and delaying confirmation.

11. The Debtor has acted in good faith and with diligence in moving this case forward. The first extension was necessitated by the ongoing asset sale and relocation of the Debtor's operations, which has now largely concluded. The present request is narrowly tailored to allow completion of the administrative claims process so that the Debtor can present an accurate and confirmable plan.

12. A brief extension will not prejudice creditors. To the contrary, creditors, especially those holding or potentially holding administrative expense claims, will benefit from a plan that

fully accounts for and properly treats those claims from the outset, rather than through post-filing amendments.

13. For these reasons, the Debtor respectfully submits that the requested extension is warranted and consistent with the standard under 11 U.S.C.S. § 1189 and will facilitate the filing of a confirmable plan that complies with the Bankruptcy Code.

## **CONCLUSION**

WHEREFORE, Debtor requests that the Court enter an order extending its time to file a plan through and including October 29, 2025, and grant such other and further relief as is deemed just and proper.

Dated this 13th day of August, 2025.

*/s/ Michael B. Pugh*
**MICHAEL B. PUGH**
Georgia State Bar No. 150170
**CHARLES TAYLOR KOGAN**
Georgia State Bar No. 184723

For the firm of
THOMPSON, O'BRIEN, KAPPLER & NASUTI, P.C.
2 Sun Court, Suite 400
Peachtree Corners, Georgia 30092
Telephone: (770) 925-0111
E-mail: mpugh@tokn.com; tkogan@tokn.com
*Attorneys for ThermoPro, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | |
| THERMOPRO, INC. | CASE NO. 25-53612-BEM |
| Debtor. | CHAPTER 11 (SUBCHAPTER V) |

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day electronically filed the foregoing *Second Motion to Extend Plan Filing Deadline* (the "Motion") was electronically filed using the Bankruptcy Court's Electronic using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of and an accompanying link to the Motion and Notice of Assignment of Hearing to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing Program: *Alan Hinderleider for the Office of the United States Trustee.*

I hereby certify that on the date indicated below I caused a true and correct copy of the Motion and Notice of Assignment of Hearing to be served upon the parties listed on the mailing matrix via U.S. First Class Mail by placing same in a properly addressed envelope with adequate postage affixed thereon.

Dated this 13th day of August, 2025.

　　　　　　　　　　　　　　　　　　　　　　*/s/ Michael B. Pugh*
　　　　　　　　　　　　　　　　　　　　　　**MICHAEL B. PUGH**
　　　　　　　　　　　　　　　　　　　　　　Georgia State Bar No. 150170
　　　　　　　　　　　　　　　　　　　　　　**CHARLES TAYLOR KOGAN**
　　　　　　　　　　　　　　　　　　　　　　Georgia State Bar No. 184723

For the firm of
THOMPSON, O'BRIEN, KAPPLER & NASUTI, P.C.
2 Sun Court, Suite 400
Peachtree Corners, Georgia 30092
Telephone: (770) 925-0111
E-mail: mpugh@tokn.com; tkogan@tokn.com
*Attorneys for ThermoPro, Inc.*