UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>THERMOPRO, INC.<br><br>Debtor. | CASE NO. 25-53612-BEM<br><br>CHAPTER 11 (SUBCHAPTER V) |

**APPLICATION REQUESTING ENTRY OF ORDER ESTABLISHING CERTAIN DEADLINES PURSUANT TO RULE 3017.2**

**COMES NOW** ThermoPro, Inc., debtor and debtor-in-possession (the "**Debtor**"), by and through the undersigned counsel, and hereby files this Application Requesting Entry of Order Establishing Certain Deadlines Pursuant to Rule 3017.2 (the "**Application**") and respectfully shows the Court as follows:

**Jurisdiction**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. The subject matter of this Application constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory basis for the relief requested is 11 U.S.C. § 1191 and Rule 3017.2 of the Federal Rules of Bankruptcy Procedure.

2. On April 1, 2025 (the "**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§101 et seq. (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division (the "**Court**") commencing this bankruptcy case (the "**Bankruptcy Case**").

3. Debtor has elected treatment as a debtor under Subchapter V of Chapter 11 of the Bankruptcy Code.

4. Debtor continues to operate its business and manage its affairs as a Subchapter V debtor in possession pursuant to § 1184 of the Bankruptcy Code.

5. Gary M. Murphy is the Subchapter V trustee in the Bankruptcy Case (Doc. No. 3).

6. On November 5, 2025, Debtor filed its Chapter 11 Plan of Reorganization (Doc. No. 78).

## Relief Requested

7. By this Application, Debtor requests entry of an order: (a) scheduling a confirmation hearing for the Plan; (b) approving the form and content of Debtor's ballot; (c) establishing a deadline for filing objections to the Plan; and (d) establishing a deadline for casting ballots to accept or reject the Plan.

8. As provided by Rule 3017.2 of the Federal Rules of Bankruptcy Procedure, the Court, in a case under Subchapter V of Chapter 11 where § 1125 of the Bankruptcy Code does not apply, is to set: (a) a time within which the holders of claims and interests may accept or reject the plan; (b) a date on which an equity security holder or creditor whose claim is based on a security must be the holder of record of the security in order to be eligible to accept or reject the plan; (c) a date for the hearing on confirmation; and (d) a date for transmission of the plan, notice of the time within which the holders of claims and interest may accept or reject the plan, and notice of the date for the hearing on confirmation.

9. Debtor's Bankruptcy Case is under Subchapter V, and the Court has not entered an order applying § 1125 to the case.

10. The Plan was timely filed pursuant to 11 U.S.C.S. § 1189 and in accordance with Rule 3016 of the Federal Rules of Bankruptcy Procedure. Accordingly, Debtor requests that the Court enter an order setting forth the following deadlines:

    a. Deadline for equity security holders or creditors whose claims are based on securities to be holders of record to vote on the Plan;

    b. Deadline to accept or reject the Plan;

    c. Deadline to object to the Plan; and

    d. Date and time for a hearing on confirmation.

11. Debtor further requests that the Court approve the form and content of the Ballot attached hereto and incorporated herein as Exhibit "A". Ballots will be provided to creditors and parties in interest entitled to vote along with the Plan.

**WHEREFORE**, Debtor requests that the Court enter an order granting this Application and the relief requested herein and such other and further relief as may be deemed just and proper.

Dated this 5th day of November, 2025.

                        */s/ Michael B. Pugh*
                        **MICHAEL B. PUGH**
                        Georgia State Bar No. 150170
                        **CHARLES TAYLOR KOGAN**
                        Georgia State Bar No. 184723

For the firm of
THOMPSON, O'BRIEN, KAPPLER & NASUTI, P.C.
2 Sun Court, Suite 400
Peachtree Corners, Georgia 30092

# EXHIBIT "A"

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | |
| THERMOPRO, INC. | CASE NO. 25-53612-BEM |
| Debtor. | CHAPTER 11 (SUBCHAPTER V) |

## BALLOT FOR ACCEPTING OR REJECTING DEBTOR'S PLAN

On November 5, 2025, Debtor filed its Plan of Reorganization (the "Plan"). On November 5, 2025, Debtor filed an Application Requesting Entry of Order Establishing Certain Deadlines Pursuant to Rule 3017.2 (the "Application"). The Court has approved the deadlines set forth herein. If you do not have a copy of the Plan, you may obtain a copy from Michael B. Pugh with Thompson, O'Brien, Kappler & Nasuti, P.C., 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092, 770-925-0111 (telephone), 770-925-8597 (facsimile). The Plan is available for review in the Office of the Clerk, U.S. Bankruptcy Court, 75 Ted Turner Drive, SW, 13th Floor, Room 1340, Atlanta, GA 30303 during normal business hours or online at http://ecf.ganb.uscourts.gov (registered users) or at http://pacer.uscourts.gov (unregistered users).

**You should review the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. If you hold claims or equity interests in more than one class, you may receive a ballot for each class in which you are entitled to vote, and you may use a copy of the ballot or request an additional ballot if you do not receive one.**

**If your ballot is not received by the Office of the Clerk, U.S. Bankruptcy Court, 75 Ted Turner Drive, SW, 13th Floor, Room 1340, Atlanta, GA 30303 *on or before \_\_\_\_\_ 2025[1]*, and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**

---

[1] The deadline for filing written objections electronically through the Court's electronic case filing system shall be 11:59:59 p.m. The deadline for filing written objections manually with the Clerk's office shall be 4:00 p.m.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE:<br><br>**THERMOPRO, INC.**<br><br>                                    **Debtor.** | **CASE NO. 25-53612-BEM**<br><br>**CHAPTER 11 (SUBCHAPTER V)** |

**BALLOT FOR ACCEPTING OR REJECTING PLAN**

      The Plan referred to in this ballot can be confirmed and thereby made binding on you if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in each Class. If the required acceptances are not obtained, the Plan may nevertheless be confirmed if the Court finds that the Plan accords fair and equitable treatment to the Class or Classes rejecting it or the Plan otherwise satisfies the requirements of § 1191(b) of the Bankruptcy Code.

      **TO HAVE YOUR VOTE COUNT, YOU MUST COMPLETE AND RETURN THIS BALLOT ON OR BEFORE _____ __, 2025[2] TO:**

**Clerk, U.S. Bankruptcy Court**
**75 Ted Turner Drive, SW, 13th Floor, Room 1340**
**Atlanta, Georgia 30303**

You must also deliver a copy of the completed, signed ballot by mail and email to Debtor's Attorney, Thompson, O'Brien, Kappler & Nasuti, P.C., 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092, Attn: Michael B. Pugh, mpugh@tokn.com.

The undersigned is a holder of (check one):    **In the amount of:** $_____

☐ A secured claim                                      **Class:** _____

☐ An unsecured claim

☐ Other specify:[_____]

☐ **Accepts** the Debtor's Plan of Reorganization  ☐ **Rejects** the Debtor's Plan of Reorganization

**Date:** _____    **Print Name:** _____

**Creditor:** _____    **Address:** _____

**Signed:** _____    **Phone Number:** _____

**Title:** _____    **Email:** _____

---

[2] The deadline for filing written objections electronically through the Court's electronic case filing system shall be 11:59:59 p.m. The deadline for filing written objections manually with the Clerk's office shall be 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:

**THERMOPRO, INC.**

**Debtor.**

CASE NO. 25-53612-BEM

**CHAPTER 11 (SUBCHAPTER V)**

### CERTIFICATE OF SERVICE

I do hereby certify that I have this day served the **Application Requesting Entry of Order Establishing Certain Deadlines Pursuant to Rule 3017.2** by depositing same in the United States mail (unless otherwise noted), properly addressed as follows:

Gary M. Murphey
Resurgence Financial Services, LLC
3330 Cumberland Blvd.
Suite 500
Atlanta, GA 30339

All parties on the attached mailing matrix.

This 5th day of November, 2025.

**Respectfully submitted by,**

**Thompson, O'Brien, Kappler, & Nasuti, P.C.**

*/s/ Michael B. Pugh*
**MICHAEL B. PUGH**
Georgia State Bar No. 150170
**CHARLES TAYLOR KOGAN**
Georgia State Bar No. 184723

For the firm of
THOMPSON, O'BRIEN, KAPPLER & NASUTI, P.C.
2 Sun Court, Suite 400
Peachtree Corners, Georgia 30092
*Attorneys for ThermoPro, Inc.*