# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: | |
| THERMOPRO, INC. | CASE NO. 25-53612-BEM |
| Debtor. | CHAPTER 11 (SUBCHAPTER V) |

## UNITED BANK'S OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 11 PLAN

Now comes United Bank, a secured creditor in this case, and asserts this objection to confirmation of the ThermoPro Inc.'s Chapter 11 plan (the "Objection"). In support of this Objection, United Bank states as follows:

1.  ThermoPro, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on April 1, 2025 (the "Petition Date"), and the Debtor continues to operate as a debtor-in-possession.

2.  United Bank is the holder of a claim secured by substantially all assets of the Debtor including, but not limited to, equipment, fixtures, inventory, furniture, chattel paper, and accounts (the "Collateral").

3.  United Bank filed a proof of claim on May 1, 2025 in the amount of $229,548.73.

4.  The Debtor filed its Plan of Reorganization (D.E. 78; the "Plan") on November 5, 2025.

5.  The Plan includes the following provision, quoted in relevant part:

    Class 1 (Claim of United Bank f/k/a The Piedmont Bank) – This Class consists of the claim of United Bank, which asserts a first priority UCC Lien

on all of Debtor's assets. The creditor has filed Proof of Claim No. 7 for a debt owed of $229,548.73. After post-petition payments from the sale of assets, the debt owed is $140,127.67 as of September 9, 2025. This creditor's claim accrues interest at the contractual rate of 9.50%. This Claim shall be paid in monthly installments, **beginning with eighteen (18) installments of $1,800.00 each, followed by forty-two (42) installments of $2,000.00, followed by installments of $2,500.00 until Class 1 is paid in full. The first installment shall be due on the first day of December 2026, the ninth (9th) month following the Effective Date of the Plan**, and subsequent installments shall be due on the first day of each month thereafter until the Claim is satisfied in full.

6. United Bank hereby rejects the Plan and this objection shall be deemed United Bank's rejecting ballot.

## Objections to the Plan

7. United Bank objects to the Plan as the Plan is not fair and equitable and unfairly discriminates against United Bank. The Debtor also seeks to delay payment to United Bank for nine months following the effective date of the plan.

**A.    THE PLAN WOULD ALLOW THE DEBTOR TO UTILIZE THE COLLATERAL WITHOUT PROVIDING ANY PAYMENT TO UNITED BANK IN VIOLATION OF 11 U.S.C. § 1129(B)(2)(A)(I).**

8. The Bankruptcy Code requires that a plan confirmed under Subchapter V provide for each holder of a claim to receive "deferred cash payments totaling at least the allowed amount of such claim, of a value, *as of the effective date of the plan*, of at least the value of such holder's interest in the estate's interest in such property." 11 U.S.C. § 1129(B)(2)(A)(i) (emphasis added).

9. The Plan proposes that the Debtor utilizes assets in which United Bank has a first-priority security interest for nine (9) months without payment to United Bank. Such treatment is in violation of § 1129(B)(2)(A)(i)) and is not fair and equitable to United Bank as the Plan, by its terms, fails to provide United Bank the value of its interest in the Debtor's property. .

**B.    THE PLAN IS OTHERWISE NOT FAIR AND EQUITABLE.**

2

10. Should a subchapter V debtor satisfy the requirements of Section 1129(a), excluding §§ 1129(a)(8), (10) and (15), the court may still not confirm a plan if the plan discriminates unfairly, and is not fair and equitable with respect to the impaired classes that do not accept the plan. For a plan to be fair and equitable, "the plan must literally be fair and equitable." *In re Grandfather Mt. Ltd. Pshp.*, 207 B.R. 475, 487 (Bankr. M.D.N.C. 1996) (citing *In re EFH Grove Tower Assocs.*, 105 B.R. 310, 313 (Bankr. E.D.N.C. 1989)). Further, in the 11th Circuit, a subchapter V debtor's projected disposable income must be paid to creditors for three to five years following the plan's confirmation. *In re 2 Monkey Trading, LLC*, 142 $F.4^{th}$ 1323, 1329 (11th Cir. 2025).

11. The Plan is not fair and equitable because the Debtor, while continuing to operate and utilizes United Bank's Collateral to do so, proposes to pay literally no one—not United Bank nor anyone else—for nearly a year. This violates the 11th Circuit mandate that disposable income must be paid to creditors.

12. Though Debtor may avoid meeting some requirements of a traditional Chapter 11 Plan, Section 1191(b) requires that a plan, regardless of any consenting or dissenting classes, be fair and equitable. Delaying payments to creditors for as long as the Debtor suggests does not fulfill that requirement.

13. Based on the foregoing, the Court should deny confirmation of the Plan. The Plan, as proposed, is in violation of 11 U.S.C. §§ 1129(b) and 1191(b). The Plan is not fair and equitable because it does not provide for payment of the value of United Bank's allowed claim, or payments to any other creditor, for the first nine (9) months of the Plan.

Wherefore, United Bank prays for the Court to deny confirmation of the Plan and grant such other and further relief as the Court deems just and proper.

WBD (US) 54893851v1

Dated:  January 9, 2025

/s/ *Arthur A. Ebbs*
Arthur A. Ebbs
WOMBLE BOND DICKINSON (US) LLP
GA State Bar No. 416181
1331 Spring Street NW
Suite 1400
Atlanta, Georgia 30309
Telephone: (404) 872-7000
Email: arthur.ebbs@wbd-us.com

*Attorneys for United Bank*

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed using the Court's CM/ECF system which will automatically provide electronic service to all counsel of record.

This the 9th day of January, 2025.

/s/ *Arthur A. Ebbs*
Arthur A. Ebbs
WOMBLE BOND DICKINSON (US) LLP
GA State Bar No. 416181
1331 Spring Street NW
Suite 1400
Atlanta, Georgia 30309
Telephone: (404) 872-7000
Email: arthur.ebbs@wbd-us.com

*Attorneys for United Bank*