

**IT IS ORDERED as set forth below:**

**Date: January 27, 2026**

_____

**Barbara Ellis-Monro**
**U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | |
| THERMOPRO, INC. | CASE NO. 25-53612-BEM |
| Debtor. | CHAPTER 11 (SUBCHAPTER V) |

### CONSENT ORDER ON UNITED BANK'S OBJECTION
### TO CONFIRMATION OF DEBTOR'S CHAPTER 11 PLAN

1. On or about April 1, 2025, ThermoPro, Inc. (the "Debtor") filed for relief under Chapter 11, Subchapter V, of the United States Bankruptcy Code. Debtor continues to operate as a debtor-in-possession.

2. On or about May 1, 2025, United Bank (collectively with Debtor, the "Parties") filed a proof of claim as secured by all of Debtor's assets (the "Claim") (Claim No. 7) in the amount of $229,548.73 with interest of 9.50% per annum. Following the sale of certain collateral, the Claim's outstanding principal balance has been reduced to $133,547.71.

3. Debtor filed its Plan of Reorganization on or about November 5, 2025 (the "Plan") (Docket No. 78).

4. On or about January 9, 2026, United Bank filed an Objection to Confirmation of Debtor's Plan Under Chapter 11 Subchapter V (the "Objection") (Docket No. 88). The Parties hereby stipulate and agree as follows:

   a. The Parties agree that the debt secured under Claim No. 7 has been collectively restructured to be paid as fully secured to the extent of $152,731.51 with interest of 9.50% per annum for a period of five (5) years.

   b. Payments to United Bank shall be made directly by the Debtor and shall commence in the first month following the effective date of the confirmed Plan. Pending commencement of such payments, the Debtor shall provide adequate protection payments to United Bank in the amount of $1,800.00 per month.

   c. For the first twelve (12) months of the confirmed Plan, payments to United Bank shall be interest-only payments in the amount of $1,800.00 per month.

   d. For months thirteen (13) through twenty-six (26) of the confirmed Plan, the Debtor shall pay $2,250.00 per month to United Bank.

   e. For months twenty-seven (27) through fifty-nine (59) of the confirmed Plan, the Debtor shall pay $3,250.00 per month to United Bank.

   f. The remaining balance of United Bank's Claim shall be paid in full in month sixty (60) of the confirmed Plan.

   g. No prepayment penalty shall apply if the Debtor pays United Bank in full before the sixtieth (60th) month following Plan confirmation.

   h. The Parties agree that the Plan is not a modification of the security agreement executed between the Parties. All provisions of the security agreement shall remain in full force and effect and

shall be incorporated into this Consent Order and the confirmed Plan modified only as to the obligations set forth herein.

i. United Bank shall retain its lien and shall not be obligated to release its liens until Debtor has paid all amounts due under this Consent Order.

j. The Debtor shall maintain United Bank's collateral in a manner appropriate for the business in which the Debtor is engaged.

k. Upon failure of the Debtor to remit the above-scheduled payments pursuant to this Consent Order or the Debtor's failure to comply with any other obligations set forth in this Consent Order, United Bank may serve a Notice of Default, stating those circumstances, which Notice of Default must be served upon the Debtor and Debtor's counsel via First Class U.S. Mail. Service shall be effective upon posting on the U.S. Mail. If the default is not cured by the Debtor within ten (10) business days after the date of service of the Notice of Default, United Bank may submit an Affidavit and proposed order granting relief from the stay with respect to its collateral, with notice thereof to the Debtor, Subchapter V Trustee, and Counsel for the Debtor, and upon the expiration of an additional ten (10) days from the date of submission of the Affidavit and proposed order granting relief from the stay and service thereof without the curing of said default or the filing of a counter affidavit controverting said default, the Court may grant such relief from the automatic stay without further notice or hearing to authorize United Bank to pursue its rights and remedies under with respect to the collateral.

l. Nothing in this paragraph shall prohibit the Debtor from filing a counter Affidavit to United Bank's Affidavit of default. Furthermore, notwithstanding the provisions of the Plan, the Debtor may move to modify the Plan in the event the Debtor is unable to make the portion of the Debtor's payments allotted to United Bank as provided for in this Consent Order and the

confirmed Plan; provided, however, that any modification of the Plan must comply with 11 U.S.C. § 1127.

m. In the event the Debtor surrenders the collateral or in the event the automatic stay is terminated as to United Bank's collateral, the obligation to make payments to United Bank under the Plan and this Consent Order shall terminate. United Bank shall be entitled to distribution as an unsecured creditor to the extent there is a deficiency following the liquidation of United Bank's collateral.

n. Upon entry of an order terminating the automatic stay, the Debtor shall immediately surrender the collateral to United Bank.

19. This Consent Order shall be incorporated into any order confirming a Subchapter V Plan and shall supersede any terms in any plan inconsistent with this Consent Order. Any language of the confirmed Plan not inconsistent with this Consent Order shall remain in effect.

**ORDERED** that the agreement of the parties is hereby made Order of this Court and the Objection is resolved.

**[END OF DOCUMENT]**

| PREPARED BY: | CONSENTED TO: |
|---|---|
| /s/ *Michael B. Pugh* | /s/ *Arthur A. Ebbs\** |
| **MICHAEL B. PUGH** | **ARTHUR A. EBBS** |
| Georgia Bar No. 150170 | WOMBLE BOND DICKINSON (US) LLP |
| THOMPSON, O'BRIEN, KEMP & NASUTI, P.C. | State Bar No. 416181 |
| 2 Sun Court, Suite 400 | 1331 Spring Street NW |
| Peachtree Corners, Georgia 30092 | Suite 1400 |
| mpugh@tokn.com | Atlanta, Georgia 30309 |
| (770) 925-0111 | Telephone: (404) 872-7000 |
| Attorneys for Deere & Company | Email: arthur.ebbs@wbd-us.com |
| | Attorneys for United Bank |
| | \* signed with express permission |

# **DISTRIBUTION LIST**

DEBTORS:              ThermoPro, Inc.
                     4840 North Royal Atlanta Drive,
                     Tucker, Georgia  30084

DEBTOR'S COUNSEL:     Michael B. Pugh
                     Thompson, O'Brien, Kappler & Nasuti, P.C.
                     2 Sun Court, Suite 400
                     Peachtree Corners, GA 30092

CHAPTER 11 TRUSTEE:   Gary M. Murphey
                     Chapter 11 Subchapter V Trustee
                     Resurgence Financial Services, LLC
                     3330 Cumberland Blvd., Suite 500
                     Atlanta, GA 30339

U.S. TRUSTEE:         United States Trustee
                     362 Richard Russell Federal Building
                     75 Ted Turner Drive, SW
                     Atlanta, GA 30303