

**IT IS ORDERED as set forth below:**

**Date: February 23, 2026**

_____

**Barbara Ellis-Monro
U.S. Bankruptcy Court Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>**THERMOPRO, INC.**<br><br>Debtor. | **CHAPTER 11**<br>**(Subchapter V)**<br><br>**CASE NO. 25-53612-BEM** |

## ORDER CONFIRMING PLAN

This matter came before the Court for hearing on February 10, 2026 at 11:00 a.m. (the "Confirmation Hearing") to consider confirmation of the Debtor's Plan of Reorganization (Docket No. 78) (the "Plan"). The Court, having reviewed the record and considered the arguments and evidentiary proffers presented at the Confirmation Hearing, and being otherwise sufficiently advised, hereby FINDS and CONCLUDES as follows:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. The Court has jurisdiction over this case and confirmation of the Plan pursuant to 28 U.S.C. §§ 157 and 1334. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L), and (O), and the Court has authority to enter this Order. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The Debtor is eligible to be a debtor under 11 U.S.C. § 109 and eligible to proceed under Subchapter V pursuant to 11 U.S.C. §§ 101(51D) and 1182. The Debtor has continued to operate as a debtor in possession.

3. The Court takes judicial notice of the docket in this case and the documents filed, including all proofs of claim.

4. On November 5, 2025, the Debtor filed the Plan (Docket No. 78). On November 25, 2025, the Court entered the Order and Notice of Assignment of Hearing on Confirmation of Plan (Docket No. 83) (the "Solicitation Order").

5. In accordance with the Solicitation Order, the Bankruptcy Code, and the Bankruptcy Rules, and as evidenced by the Certificate of Service (Docket No. 85), the Debtor served the Solicitation Order and related solicitation materials (including a ballot) (collectively, the "Solicitation Materials") on creditors and parties in interest. The Court finds that notice of the Confirmation Hearing and related deadlines was timely, adequate, and sufficient under the circumstances, satisfied due process, and no further notice is required.

6. On January 9, 2026, United Bank, successor-by-merger to The Piedmont Bank, filed an Objection to Confirmation of Debtor's Chapter 11 Plan (Docket No. 88) (the "United Bank Objection"). On January 23, 2026, the Debtor and United Bank resolved the United Bank

Objection and filed a consent order stating the terms of United Bank's repayment pursuant to the Plan (Docket No. 93) (the "United Bank Consent Order").

7. On January 26, 2026, Jonathan S. Adams, on behalf of the Small Business Administration ("SBA"), filed a Notice of Appearance (Docket No. 90). On January 27, 2026, the Court conducted a status conference at which Debtor's counsel announced the Confirmation Hearing would be reset to address the SBA's treatment under the Plan (Docket No. 92).

8. At the Confirmation Hearing, Charles Taylor Kogan appeared for the Debtor, and the Debtor's principal, Greg Weigle, was present. Alan Hinderleider appeared for the United States Trustee. Gary M. Murphey appeared as Subchapter V Trustee. Jonathan S. Adams appeared for the SBA. No party appeared in formal opposition to confirmation; however, the United States Trustee raised objections to certain language and requested revisions as reflected in the modifications approved herein.

9. The Debtor and its agents solicited votes on the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code and are entitled to the protections of 11 U.S.C. § 1125(e).

10. The Plan satisfies the applicable requirements of 11 U.S.C. § 1129(a), except as otherwise inapplicable in Subchapter V and/or where confirmation is sought pursuant to 11 U.S.C. § 1191(b). The Plan does not discriminate unfairly and is fair and equitable with respect to each impaired class that has not accepted the Plan as required by 11 U.S.C. § 1191(b) and (c).

11. The Plan satisfies 11 U.S.C. § 1129(b)(2)(A), as incorporated by 11 U.S.C. § 1191(c)(1), including by providing that holders of allowed secured claims retain their liens and receive deferred cash payments having a value, as of the effective date, equal to the allowed amount of such claims.

12. The Plan demonstrates a reasonable likelihood that the Debtor will be able to make all payments under the Plan and provides appropriate remedies upon default consistent with 11 U.S.C. § 1191(c)(3). The Plan was proposed in good faith and not by any means forbidden by law consistent with 11 U.S.C. § 1129(a)(3).

13. The Plan includes the elements required by 11 U.S.C. § 1190, including a brief history of operations, a liquidation analysis, and financial projections demonstrating the Debtor's ability to make payments.

14. **Class 1 (Claim of United Bank f/k/a The Piedmont Bank) -** Class 1 consists of the secured claim of United Bank, which asserts a first-priority UCC lien on substantially all assets of the Debtor. United Bank filed Proof of Claim No. 7 in the amount of $229,548.73. Following the sale of certain collateral, the outstanding principal balance has been reduced to $133,547.71. The United Bank Consent Order (Docket No. 93) is incorporated herein by reference and shall control to the extent of any inconsistency with the Plan.

15. **Class 2 (Claim of the U.S. Small Business Administration) –** Class 2 consists of the secured claim of the SBA, which asserts a second-priority blanket UCC lien on substantially all assets of the Debtor. The SBA filed Proof of Claim No. 28 in the amount of $203,734.41, accruing interest at the contractual rate of 3.75%. The Class 2 claim shall be paid in monthly installments as follows: twenty-four (24) monthly installments of $636.67 each, followed by forty-four (44) monthly installments of $1,275.00 each, followed by monthly installments of $2,907.71 until paid in full. The first installment shall be due on the Effective Date, April 1, 2026, and subsequent installments shall be due on the first day of each month thereafter until paid in full. The Debtor may prepay all or any portion of the Class 2 claim at any time after the Effective Date without premium, penalty, or additional fees; prepayments shall be applied first to accrued

interest and then to principal and shall not affect lien priority prior to full satisfaction. Except as expressly changed in this Confirmation Order, the terms and conditions of the SBA contractual documents remain unchanged and in full force and effect. In the event of any inconsistency, ambiguity, dispute, or conflict between the terms of the Confirmation Order and of the SBA Contractual Documents, the terms and conditions of the SBA Contractual Documents shall control. Nothing in this Confirmation Order shall waive, strip, release, or otherwise modify any security interest granted to the SBA under the SBA contractual documents or as a post-petition replacement lien under 11 U.S.C. § 552. Such security interests shall only be released or modified as provided under the SBA contractual documents or applicable non-bankruptcy law.

## PLAN MODIFICATIONS APPROVED

16. **Trustee Term and Duties**. Article VI of the Plan is modified to provide that the Subchapter V Trustee shall continue to serve until the Debtor has completed all payments under the Plan or has received a discharge pursuant to 11 U.S.C. § 1192, whichever occurs later. Notwithstanding confirmation, the Subchapter V Trustee shall retain the powers and duties provided under 11 U.S.C. §§ 1183, 1184, 1185, 1186, and 1194, including authority to monitor performance under the Plan, review financial reports, examine books and records, and appear at hearings concerning confirmation, modification, valuation, and sales of estate property, to the extent applicable.

17. **Injunction Language**. Article VIII, Section 3 of the Plan is modified to state: "Upon Debtor's final payment to creditors under the Plan, except as otherwise provided in the Plan, this Confirmation Order shall act as a permanent injunction against any Person commencing or continuing any action to collect, offset, or recover any Claim or Cause of Action that such

Person may have held as of the Petition Date against the Debtor or its property, except as explicitly provided for in the Plan. Such injunction shall survive closure of the Bankruptcy Case, and this Court shall retain jurisdiction to enforce such injunction. During the term of the Plan, any creditor holding an Allowed Claim may file an appropriate motion with the Bankruptcy Court to enforce any provision of the Plan."

18. **Default Procedure**. Pursuant to 11 U.S.C. § 1191(c)(3)(B), if the Debtor defaults in making payments under the Plan, the affected creditor shall provide written notice of default to the Debtor. The Debtor shall have fifteen (15) days to cure the default. If the Debtor does not cure within fifteen (15) days, or disputes the existence of a default, the creditor may file a notice of default with the Court and request a hearing to consider appropriate remedies under the Plan.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

(a) The Plan, as modified and supplemented as set forth in this Order, and including the United Bank Consent Order to the extent incorporated, is approved and confirmed pursuant to 11 U.S.C. § 1191(b).

(b) The findings and conclusions set forth above are incorporated into and made part of this Confirmation Order as if fully set forth herein.

(c) The Plan and this Order shall be binding in accordance with 11 U.S.C. § 1141(a), as applicable in Subchapter V, upon the Debtor, any entity acquiring property under the Plan, and any holder of a claim or interest, whether or not such claim or interest is impaired under the Plan and whether or not such holder accepted the Plan.

(d) Notwithstanding confirmation or the Effective Date, the Court retains jurisdiction to the extent provided in the Plan and as necessary to interpret and enforce the Plan and this Order.

(e) Counsel for the Debtor shall serve this Order on all creditors and parties in interest on the mailing matrix via U.S. Mail and shall file a certificate of service within three (3) days after entry of this Order.

**[End of Order]**

**PREPARED BY:**

/s/ *Michael B. Pugh*
**MICHAEL B. PUGH**
Georgia Bar No. 150170
THOMPSON, O'BRIEN, KAPPLER & NASUTI, P.C.
2 Sun Court, Suite 400
Peachtree Corners, Georgia 30092
mpugh@tokn.com
(770) 925-0111
**Attorneys for Debtor**

**DISTRIBUTION LIST**

| | |
|---|---|
| DEBTORS: | ThermoPro, Inc. |
| | 4840 North Royal Atlanta Drive, |
| | Tucker, Georgia  30084 |
| | |
| DEBTOR'S COUNSEL: | Michael B. Pugh |
| | Thompson, O'Brien, Kappler & Nasuti, P.C. |
| | 2 Sun Court, Suite 400 |
| | Peachtree Corners, GA 30092 |
| | |
| CHAPTER 11 TRUSTEE: | Gary M. Murphey |
| | Chapter 11 Subchapter V Trustee |
| | Resurgence Financial Services, LLC |
| | 3330 Cumberland Blvd., Suite 500 |
| | Atlanta, GA 30339 |
| | |
| U.S. TRUSTEE: | United States Trustee |
| | 362 Richard Russell Federal Building |
| | 75 Ted Turner Drive, SW |
| | Atlanta, GA 30303 |